## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

GLEN A. PONTIOUS,                         )
                                                  )
      **Plaintiff,**                          )
                                                  )
**v.**                                            )     **Case No. CIV-21-88-G**
                                                  )
**U.S. DEPARTMENT OF JUSTICE,**          )
                                                  )
      **Defendant.**                          )

## <u>ORDER</u>

Now before the Court is Defendant U.S. Department of Justice's Motion to Dismiss (Doc. No. 13), seeking dismissal of Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff has responded (Doc. No. 17), and Defendant has replied (Doc. No. 18). Having reviewed the parties' submissions, the Court grants Defendant's Motion to Dismiss.

    *I.*     *Background*

Plaintiff Glen A. Pontious[1] initiated this action on February 8, 2021, bringing claims against the U.S. Federal Election Commission, the U.S. Department of Justice, and the U.S. House of Representatives, listing Representatives Nancy Pelosi, Jerry Nadler, Adam Schiff, and Maxine Waters in particular. *See* Compl. (Doc. No. 1). On February 26, 2021, Plaintiff filed an Amended Complaint (Doc. No. 6), listing only the U.S. Department of Justice ("DOJ") as a defendant.[2] *See id.* at 1.

---

[1] The Court construes Plaintiff's filings liberally due to his pro se status.

[2] The Amended Complaint, which was filed prior to any responsive pleading being submitted by any initially named defendant, superseded the original Complaint and

In his Amended Complaint, Plaintiff alleges Defendant DOJ was derelict in its duties by: improperly allowing President Joe Biden to run for office; failing to question President Biden's eligibility for office due to alleged conflicts of interest and potential criminal activity; failing to arrest certain individuals; and failing to prosecute certain individuals, specifically Speaker Pelosi for a violation of 18 U.S.C. § 2071(b).  *See id.* at 2-9.  Plaintiff also demands that this Court: nullify the 2020 presidential election; order an investigation into "American corruption"; remove from office Speaker Pelosi, Rep. Nadler, Rep. Schiff, and Rep. Waters; and order 48 million dollars in restitution to be paid to the American people.  *See id.* at 9-10.

On August 10, 2021, Defendant filed the instant Motion to Dismiss, seeking to dismiss Plaintiff's Amended Complaint.  During the pendency of this dispositive Motion, Plaintiff has filed several other notices and motions, asking the Court to set hearings, allow discovery, and issue an injunction stopping the arrests and prosecutions of those involved in the January 6, 2021 attack on the United States Capitol.  *See* Doc. Nos. 16, 23, 31, 32.

II.    *Discussion*

Defendant seeks to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  As to subject-matter jurisdiction, Defendant argues that Plaintiff's Amended Complaint should be dismissed because Plaintiff has

---

rendered it of no legal effect.  *See Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005).  Therefore, the Court does not consider claims or defendants not set forth in the Amended Complaint.

neither articulated a waiver of sovereign immunity nor established Article III standing for his claims. *See* Def.'s Mot. at 3-6. Because Defendant is immune from suit in this instance, and therefore dismissal is warranted under Rule 12(b)(1), the Court need not reach Defendant's arguments as to standing or the sufficiency of Plaintiff's claims.

"[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction takes one of two forms: a facial attack or a factual attack." *Bollenbach v. United States*, No. CIV-19-233-G, 2020 WL 1550196, at *2 (W.D. Okla. Mar. 31, 2020) (citing *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015)). Here, Defendant advances a facial attack, arguing the allegations in Plaintiff's Amended Complaint are not sufficient to support subject-matter jurisdiction. *See* Def.'s Mot. at 2-6. "In reviewing a facial attack, a district court confines its analysis to the pleadings and must accept the allegations in the complaint as true." *Bollenbach*, 2020 WL 1550196, at *2. Plaintiff, as the party asserting federal jurisdiction, bears "the burden of alleging the facts essential to show jurisdiction and supporting those facts with competent proof." *U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797-98 (10th Cir. 2002) (internal quotation marks omitted).

"Sovereign immunity generally shields the United States, its agencies, and its officers acting in their official capacity from suit." *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urb. Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009). The defense of sovereign immunity deprives the Court of subject-matter jurisdiction where applicable. *Id.*

"Because sovereign immunity affects subject matter jurisdiction, the defense may properly be asserted by a motion to dismiss under Rule 12(b)(1)." *White v. United States*, No. CIV-16-1265-D, 2017 WL 4681796, at *2 (W.D. Okla. Oct. 17, 2017).  A party seeking to assert a claim against the government must "point to a specific waiver of immunity in order to establish jurisdiction." *Normandy Apartments*, 554 F.3d at 1295.

As a federal executive department of the United States government, Defendant is plainly entitled to sovereign immunity.  Plaintiff's Amended Complaint does not address sovereign immunity or articulate a basis for this Court to find a waiver of sovereign immunity.  *See* Am. Compl.  In his Response, Plaintiff asserts two arguments—liberally construed—as to why Defendant is not immune from suit: (1) the First Amendment of the United States Constitution guarantees citizens the right to petition the government for redress of grievances; and (2) rather than use the power of eminent domain, federal officials have consented to the terms and conditions of "social media companies," and thereby "signed the Government's [s]overeign immunity away."  *See* Pl.'s Resp. at 9-10.

Neither of these contentions allows a finding of waiver of sovereign immunity.  First, the right to petition the government, as guaranteed by the First Amendment, is not a right to sue.  *See Jones v. Ala.-Coushatta Tribe of Tex.*, No. 9:20-CV-63, 2020 WL 8513486, at *3 (E.D. Tex. Dec. 9, 2020) (R. & R.) ("[The plaintiff's] reliance on his First Amendment right to petition the government for a redress of grievances does not achieve a waiver of sovereign immunity."), *adopted*, 2021 WL 118037 (E.D. Tex. Jan. 13, 2021); *see also Hoffmeister v. United Student Aid Funds, Inc.*, 818 F. App'x 802, 806 (10th Cir. 2020) ("[W]e have held that sovereign immunity is not foreclosed by . . . the constitutional

right to petition for redress of grievances.").  Second, even if the terms and conditions for social media companies contained a provision waiving sovereign immunity, that waiver would not be effective.  Sovereign immunity may only be waived through an act of Congress, not by the individual activities or communications of government officials.  *See Goble v. Ward*, 628 F. App'x 692, 698 (11th Cir. 2015) ("[E]ven if the letter had unequivocally purported to waive the SEC's sovereign immunity, the latter would still retain that immunity because only Congress can waive an agency's sovereign immunity."); *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) ("[T]he letter [is] not [an] act[] of Congress, so [it] cannot effect a waiver of sovereign immunity.").

For these reasons, Plaintiff has not alleged a waiver of sovereign immunity establishing subject-matter jurisdiction over this action against Defendant.

CONCLUSION

For the reasons stated above, Defendant U.S. Department of Justice's Motion to Dismiss (Doc. No. 13) is GRANTED.  Plaintiff's Amended Complaint (Doc. No. 6) is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(b)(1).  A separate judgment shall be entered.

All remaining pending motions (Doc. Nos. 16, 19, 23, 32) are consequently DENIED AS MOOT.

IT IS SO ORDERED this 30th day of March, 2022.

CHARLES B. GOODWIN
United States District Judge